**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4290**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RICKY GROVER AARON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:23-cr-00030-MOC-SCR-1)

———————

Submitted: June 25, 2026                  Decided: June 29, 2026

———————

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

**ON BRIEF:** John G. Baker, Federal Public Defender, Joshua B. Carpenter, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Grover Aaron pled guilty, pursuant to a written plea agreement, to possession of child sexual abuse material, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b).[1] The district court sentenced Aaron to 120 months' imprisonment and a lifetime of supervised release. On appeal, Aaron's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as an issue for review whether the district court abused its discretion when granting Aaron's motion seeking authorization of funds to hire an expert in the field of psychology by limiting the topics the expert was permitted to evaluate to competency and insanity. Although notified of his right to do so, Aaron has not filed a pro se supplemental brief. The Government declined to file a brief and does not seek to enforce the appeal waiver in Aaron's plea agreement.[2] We dismiss in part and affirm in part.

It is well established that, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea and has no nonjurisdictional ground upon which to attack that judgment except the inadequacy of the plea under [Fed. R. Crim. P.] 11." *United States v. Glover*, 8 F.4th 239, 245 (4th Cir. 2021)

---

[1] Although 18 U.S.C. § 2252A(a) uses the term "child pornography," we "refer to such content as child sexual abuse material to reflect more accurately its abusive and exploitative nature." *United States v. Castellano*, 172 F.4th 295, 298 n.1 (4th Cir. 2026) (citation modified).

[2] Because the Government fails to assert the waiver as a bar in whole or in part to this appeal, we may consider the issue raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

(citation modified). Because Aaron entered a valid and unconditional guilty plea, counsel's challenge to the district court's grant of the motion for authorization of funds "is not properly before us." *United States v. Fitzgerald*, 820 F.3d 107, 113 (4th Cir. 2016). Accordingly, we dismiss this portion of the appeal. *See id.*

In accordance with *Anders*, we also have reviewed the record in its entirety and have found no meritorious grounds for appeal.[3] Accordingly, we dismiss the appeal to the extent Aaron seeks to challenge the grant of his motion for authorization of funds, and we affirm the criminal judgment. This court requires that counsel inform Aaron, in writing, of the right to petition the Supreme Court of the United States for further review. If Aaron requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aaron.

---

[3] Although not listed as an issue for review in the *Anders* brief, counsel concludes that Aaron may not advance a claim for ineffective assistance of counsel based on any failure by trial counsel to secure an evaluation for a potential insanity defense based on dissociative identity disorder or any other condition using authorized funds. (*Anders* Br. at 10 n.1). To the extent that this could be construed as raising for review a claim for ineffective assistance of counsel, we typically will not review such a claim made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To demonstrate ineffective assistance of trial counsel, Aaron must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. This claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address this claim at this juncture.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*